CHRISTOPHER CHIOU
United States Attorney
Nevada Bar No. 14853
BIANCA R. PUCCI
Assistant United States Attorney
District of Nevada
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Bianca.Pucci@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

RICHARD DITTMER II,

        Defendant.

2:18-cr-00302-JAD-NJK

**Response to Defendant's Sentencing Memorandum (ECF No. 106)**

**CERTIFICATION: The undersigned counsel certifies that this response is timely filed.**

## I.    Introduction

Dittmer II sought out child sexual abuse material to satisfy his own pedophilic desires. Dittmer II received hundreds of images and videos of children in their most vulnerable state and watched as these children suffered from sexual abuse by their perpetrator. Each time Dittmer II received a child pornography file, that child was re-victimized by Dittmer II's actions. Dittmer II's actions perpetuate the never-ending victimization of the children in the photos and videos Dittmer II trafficked in. Part of the goal of sentencing is to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. A sentence of 87 months with a lifetime of supervised release is necessary to achieve these goals, but is not greater than necessary. In recommending this sentence, the government carefully considered the facts and

1  circumstances of this case as well as the nature and characteristics of Dittmer II. The

2  Probation Office also considered the circumstances of this case and the nature and

3  characteristics of Dittmer II to recommend a downward variance of 37 months.

4  Dittmer II does not present any new information that justifies any further downward

5  variance and any further downward variance would disregard the important factors

6  identified by the United States Sentencing Commission, Congress, and the United States

7  Supreme Court.

8  **II.    Argument**

9      Dittmer II's request for an effective seven-level downward variance from his

10  guidelines is without a basis in facts or reason. As discussed in the Government's

11  Sentencing Memorandum, to grant a downward departure in child crimes and sexual

12  offenses, the court must affirmatively and specifically identify the basis for such a

13  departure.[1] The information that Dittmer II submitted to the Court to support a further

14  downward variance was considered by the government and the probation office in their

15  recommendations for an 87-month and 84-month sentence, respectively. As such, any

16  further variance is not supported by the facts,[2] and an 87-month sentence is sufficient but

17  not more than necessary to support the goals of sentencing.

18  ///

19  ///

20  ///

21

22

23  [1] ECF No. 105 at 7.

    [2] Dittmer II's claim that he "accepted full responsibility for his actions seven years ago" is
    not correct. ECF No. 106 at 1. Dittmer II did not admit to his criminal conduct to

24  investigators until 2016 (PSR at ¶15, 27), and did not plead guilty until 2021. ECF No. 88,
    93.

**A.    Sentencing Dittmer II to 87 months imprisonment will decrease his likelihood of being arrested for new offenses by 17 percent.**

In April 2020, the Sentencing Commission submitted an evaluation of the effect various sentence lengths had on recidivism rates.[3] The Commission analyzed the relationship between length of incarceration and the likelihood of the offender being arrested for a new offense by examining five study units through three models.[4] In its evaluation, "[t]he Commission consistently found that incarceration lengths of more than 120 months had a deterrent effect."[5] It found that offenders who served sentences longer than ten years were 30 to 45 percent less likely to be arrested for a new offense eight years after release.[6] Offenders who were incarcerated between 60 and 120 months were approximately 17 percent less likely to be arrested for a new offense during the same time period following release.[7] For incarceration lengths of 60 months or less, there was no statistically significant deterrent effect in new arrests.[8]

A sentence of 87 months decreases Dittmer II's risk of being arrested for a new offense whereas a 60-month sentence that Dittmer II requests has no statistically significant deterrent effect.

**B.    Dittmer II's arguments are based on distinguishable cases.**

Throughout his sentencing memorandum, Dittmer II claims that his guideline range is "irrational" compared to (1) a fictitious coercion and enticement case of a 14-

---

[3] "Length of Incarceration and Recidivism." *available* at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2020/20200429_Recidivism-SentLength.pdf.

[4] *Id.* at 30.

[5] *Id.* at 4.

[6] *Id.* at 30.

[7] *Id.*

[8] *Id.*

year-old child, which does not take into consideration any additional enhancements;[9] (2) a conviction and sentence for *Use of an Interstate Facility in Aid of Unlawful Activity*, in violation of 18 U.S.C. § 1952(a)(3)(A);[10] and (3) multiple convictions and sentences for *Possession of Child Pornography*, in violation of 18 U.S.C. § 2252A(a)(5).[11]

First, an accurate guidelines calculation for Dittmer II's coercion and enticement hypothetical demonstrates the flaw in his comparison. If this Court were to actually apply the enhancements imbedded in Dittmer II's hypothetical, *i.e.*, enhancements for use of a computer and commission of a sex act, the resulting total offense level for that offense would be 27 (accounting for acceptance). Additionally, there is an applicable cross reference under U.S.S.G. § 2G1.3(c)(3) based on the sexual abuse of a 14-year-old child, which would result in a guidelines offense level of 39 (accounting for acceptance), with a sentencing range of 262-327 months.[12] And this says nothing of the fact that the hypothetical defendant who coerced a 14-year-old child would face much higher mandatory minimums for his various potential federal crimes: 10 years for coercion and enticement;[13] 10 years for transportation of minors;[14] and 30 years for aggravated sexual abuse of a minor.[15] Additionally, based on the hypothetical, the offender would also face potential State charges of sexual assault with a 25-year mandatory minimum.[16] Indeed, an accurate examination of Dittmer II's hypothetical demonstrates that sentencing

---

[9] ECF No. 106 at 11-12.
[10] ECF No. 106 at 12; *United States v. Rashid*, 2:19-cr-246-GMN-NJK, ECF No. 8 at 2.
[11] ECF No. 106 at 14.
[12] *See* U.S.S.G. § 2A3.1.
[13] 18 U.S.C. § 2422(b).
[14] 18 U.S.C. § 2423(a).
[15] 18 U.S.C. § 2241(c).
[16] *See* NRS 200.366(3)(B).

Dittmer II to 87 months is not irrational – but in fact appropriate and not greater than necessary given the nature and circumstances of his conduct and characteristics.

Second, the case of *United States v. Rashid* is not comparable to Dittmer II's case. The defendant in *Rashid* was not charged with, or convicted of, any offenses related to the sexual abuse of children. As the law and this Court have acknowledged, crimes against children are simply different than crimes against adults. Children are by nature vulnerable victims, a simple fact that has been repeatedly recognized by Congress through laws that have been passed to protect children.[17] Similarly, the Sentencing Commission has likewise acknowledged the importance of the minor status of a victim when considering the severity of a criminal offense, including numerous enhancements based on a victim's age.[18] The defendant in *Rashid*, was charged and convicted of *Use of an Interstate Facility in Aid of Unlawful Activity*, in violation of 18 U.S.C. § 1952(a)(3).[19] The elements of this offense do not include the sexual exploitation of children. Instead, Rashid was charged and pleaded guilty to running an illegal prostitution business of adult women – not children.[20] The offense also did not carry a mandatory minimum sentence and has a statutory maximum of five years.[21] Given these crucial differences, Dittmer II's reliance on the *Rashid* case as compelling his requested sentence is misplaced.

///

---

[17] *See, e.g.*, 18 U.S.C. §§ 2552A, 1951, 2422. All of these laws targeting the exploitation of children carry mandatory minimum terms of imprisonment and none require as an element that the crime was perpetrated against the "will" of the child.

[18] *See e.g.*, U.S.S.G. § 2G2.2(b)(2) (increasing an offense level by 2 for children under 12); U.S.S.G. § 2G2.2(b)(4) (increasing an offense level by 4 for infant or toddlers); and U.S.S.G. § 2G1.3(b)(5) (increasing a coercion and enticement offense level by 8 for children under 12).

[19] 2:19-cr-246-GMN-NJK, ECF No. 6, 62

[20] *Id.* ECF No. 8 at 5-7 and ECF No. 58.

[21] 18 U.S.C. § 1592(a).

Lastly, Dittmer II mistakenly relies upon multiple sentences for the offense of *possession* of child pornography to argue for a further variance.[22] Dittmer II committed and pled guilty to the crime of *receipt* of child pornography.[23] Offenders convicted of possession of child pornography are not similarly situated to offenders pending sentencing for receipt of child pornography. The crime of possession of child pornography does not carry a mandatory minimum[24] and has a lower guideline base offense level.[25] Although two of the cases in which Dittmer II relied upon were for receipt of child pornography,[26] those cases are distinguishable. In *Randall*, the defendant argued his actions occurred over the span of only two days and no child pornography was recovered from his devices.[27] Dittmer II admitted that he had a child pornography addiction and hundreds of child pornography files were recovered on his devices.[28] In *Miller*, the defendant was charged and sentenced in a state proceeding and his federal sentence was consecutive to the state sentence.[29] Dittmer II is not facing consecutive time.

Dittmer II's conduct and characteristics are different than those cases he relied upon in arguing for a further downward variance. Nevertheless, the government

---

[22] ECF No. 106 at 14-15 (citing to *United States v. Jamie Mendoza*, 2:19-cr-262-GMN-DJA; *United States v. Austin Finigan*, 3:19-cr-53- MMD-CLB; *United States v. Randall Linscheid*, 3:19-cr-36-MMD-WGC; and *United States v. Edward Wright*, 3:19-cr-12-MMD-WGC, which are all judgements for possession of child pornography).

[23] ECF No. 88.

[24] 18 U.S.C. § 2252A(b)(2).

[25] U.S.S.G. § 2G2.2(a)(1) (base offense level 18 rather than 22 for receipt of child pornography)

[26] ECF No. 106 at 14-15 (citing to *United States v. Douglas Miller* 3:19-cr-57-MMD-WGC and *United States v. Dustin Randall*, 2:18-cr-303-JCM-EJY).

[27] 2:18-cr-303-JCM-EJY, ECF No. 97.

[28] PSR at ¶¶18 and 29

[29] 3:19-cr-57-MMD-WGC, ECF No. 43.

recognized in its sentencing memorandum that downward variances are not uncommon in child pornography cases.[30] The government agreed to and applied a variance that is similar to the variances for receipt of child pornography cases in this district.[31] No further variance is warranted based on the distinguishable cases Dittmer II mistakenly relies upon.

**C.    Dittmer II should be sentenced to a lifetime term of supervised release.**

The government requests a lifetime term of supervised release, with all of the conditions proposed in the PSR to be imposed. Dittmer II's likelihood to re-offend will likely be reduced and his rehabilitation will be improved if he remains on supervision for the longest period of time possible. This long term of supervision will give the community and children in general solace that Dittmer II is under the watchful eye of the Court. Lifetime supervision will go far in keeping the community safe from Dittmer II's future crimes and providing offender management services. Lifetime supervision serves the purpose of helping Dittmer II stay accountable and continue to receive treatment after his release from custody and keep the community safe. Probation concurs in that assessment, and the government joins their request for a lifetime term of supervised release.

---

[30] ECF No. 105 at 8-9.
[31] *Id.*

### III.    Conclusion

Based on the above, this Court should sentence Dittmer II to a term of incarceration for 87 months, followed by a lifetime term of supervised release. The reliable factors that support an effective three-level downward variance were taken into consideration by government and the Probation Department's evaluation. No further variance is supported by the facts and circumstances of this case or the nature and characteristics of this offender as contemplated by § 3553(a) factors.

Respectfully submitted this 9th day of July, 2021.

CHRISTOPHER CHIOU
Acting United States Attorney


*/s/ Bianca R. Pucci*
BIANCA R. PUCCI
Assistant United States Attorney